IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Ryan Ray Corman, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-91 |
| | ) | |
| -vs- | ) | **ORDER ADOPTING REPORT AND** |
| | ) | **RECOMMENDATION** |
| Haley Wamstad, Andrew Eyre, Orie | ) | |
| Oksendahl, and CPC Rule, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

The Court has received a Report and Recommendation from the Honorable Karen K.

Klein, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, recommending that Plaintiff

Ryan Corman's amended complaint be dismissed with prejudice (Doc. #30).  Corman timely

filed objections to the Report and Recommendation (Doc. #31).  The Court has carefully

considered Corman's objections along with the entire file and now issues this Order finding that

Corman has failed to state a claim upon which relief can be granted.

In his objection, Corman comments on North Dakota's civil commitment procedures and

his classification as a sexually dangerous individual.  These particular legal issues are before the

Court in a separate action involving Corman (Ireland v. Olson, 3:13-cv-03), and will not be

addressed here.  Relevant to this case, Corman reiterates information about the defendants, which

is already contained in documents filed with the Court.  He claims the defendants deliberately

misrepresented facts to the state court in order to convince the judge to civilly commit him.  He

contends the defendants were motivated by two "agendas": (1) "to silence and discredit [him]

with respect to his direct, personal knowledge of heinous malfeasance perpetrated by officers and

agents of the Grand Forks Narcotics Task Force"; and (2) "the feeding of the State's Atty's 'sex offender industry' to permanently silence and definitively discredit [Corman] by fabricating means to use North Dakota's overly broad statute, under which virtually any crime can be made a 'sex offense'". Neither of these conclusory allegations are supported by any evidence.

Moreover, the Court has combed through the record and agrees with the magistrate judge's analysis that Corman has failed to state a claim that would entitle him to relief. The Court hereby adopts the reasoning contained in the magistrate judge's Report and Recommendation. For the reasons stated therein, Corman's amended complaint is dismissed with prejudice.

Based upon the entire record before the Court, dismissal of the action is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. The Court, therefore, certifies that an appeal from the dismissal of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**IT IS SO ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 21st day of February, 2014.

/s/ Ralph R. Erickson
Ralph R. Erickson, Chief Judge
United States District Court